UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:14-CV-178-GNS

DR. ROGER L. CORY                                                                                         APPELLANT

v.

PAUL DANIEL BENNETT, *et al.*                                                                      APPELLEES

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from the Bankruptcy Court and a motion to proceed in that appeal *in forma pauperis*. With briefing for the motion and appeal complete, both matters are ripe for ruling. The motion to proceed *in forma pauperis* (DN 5) is **GRANTED**. The Bankruptcy Court's decision dismissing the case without prejudice is **AFFIRMED**.

### I.   STATEMENT OF FACTS AND CLAIMS

Appellant, Roger L. Cory ("Cory") formed a series of companies to finance and operate oil and gas exploration in the Appalachian Basin.[1] Appellees (collectively the Bennett Parties)[2] were among the investors in these ventures. Eventually, these exploration companies went bankrupt, and the resulting bankruptcy proceedings were consolidated into a single case.[3] In a separate case, those investors brought an action against Cory, the exploration companies, and

---

[1] Mammoth Resource Partners, Inc.; Mammoth Field Services, Inc.; and Mammoth Resources, LLC.

[2] The Bennett Parties include: Paul Daniel Bennett; Chris Endersby; Excellent Properties, LLC; Peniel Enterprises, Inc.; Richard A. Persson; Andrew V. Podray; R&S Ogee Ventures, LLC; Calvin L. Ryberg; Carol Jean Glenn Ryberg; Mark & Christy Siebert; Jeff Wilson; and 2R Ogee Ventures, LLC.

[3] *In re Mammoth Resource Partners, Inc.*, No. 10-11377 (Bankr. W.D. Ky.).

1

other related entities for securities fraud and other claims.[4] That securities fraud action was transferred to the bankruptcy court as an adversary proceeding related to the bankruptcy of the exploration companies.[5] Cory now appeals the dismissal of the claims against him without prejudice from the adversary proceeding.

The dismissal of the claims against Cory is the consequence of a settlement agreement between all parties to the adversary proceeding. The Settlement Agreement was negotiated primarily between the Chapter 11 trustee of the debtors and the Bennett Parties, though Cory also participated. The Settlement Agreement stipulated the parties enter into an Agreed Judgment wherein one of the companies would be faulted and the others dismissed with prejudice. (R. at 908-14, DN 6-1). Cory would be the sole remaining active defendant in that action, and the Bennett Parties purportedly planned to proceed against him at the time of settlement. When that settlement agreement was consummated, the bankruptcy court entered the Agreed Judgment and approved the settlement. (R. at 948, DN 6-1). Both this Court (*Cory v. Leasure*, 491 B.R. 476 (W.D. Ky. 2013)) and the Sixth Circuit (*Cory v. Leasure*, No. 13-5612 (6th Cir. filed June 18, 2014)), affirmed the bankruptcy court's approval of the settlement agreement and entry of the agreed order. The Supreme Court denied certiorari. *Cory v. Leasure*, 135 S. Ct. 1177 (2015).

Cory's liability for securities fraud, however, is complicated by a later personal bankruptcy. While the settlement was on appeal, Cory filed for Chapter 7 bankruptcy protection. (*See* Cory Bankruptcy Docket Sheet, R. at 1, DN 6-3). Appellees maintain Cory's liability in the adversary proceeding is not discharged through this bankruptcy; they are free to seek exemption for that bankruptcy discharge for any of Cory's liability flowing from the adversary proceeding.

---

[4] *Bennett v. Mammoth Resource Partners, Inc.*, No. 1:07-cv-168 (W.D. Ky. filed October 2, 2007).
[5] *Paul Daniel Bennett et al. v. Mammoth Resource Partners, Inc.*, No. 10-1055 (Bankr. W.D. Ky.).

To ensure any dismissal in the adversary proceeding is not interpreted to bar dischargability exemption, however, the Bennett Parties sought dismissal without prejudice. Cory maintains the claims against him should have been dismissed with prejudice, or awarded attorneys' fees for any dismissal without prejudice.

## II.     STANDARD OF APPELATE REVIEW AND JURISDICTION

District Courts have jurisdiction to hear bankruptcy court appeals. *See* 28 U.S.C. § 158(a)(1). Functioning as an appellate court, a district court reviews the bankruptcy court's conclusions of law *de novo* but its factual findings for clear error. *In re Mitan*, 573 F.3d 237, 241 (6th Cir. 2009). Fed. R. Civ. P. 41(a)(2) allows for voluntary dismissals at "plaintiff's request only by court order, and only on terms that the court considers proper." Unless otherwise specified, those dismissals are without prejudice. Fed. R. Civ. P. 41(a). Such decisions are reviewed for an abuse of discretion. *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

## III.    DISCUSSION

"[T]he purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." *Bridgeport Music, Inc.*, 583 F.3d at 953 (citing *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). Cory claims unfair treatment when the case against him was dismissed without prejudice because he was not awarded attorneys' fees. He notes his significant expense over seven years of litigation and protests the settlement agreement from which this dismissal flowed. Following the settlement agreement and the dismissal with prejudice of most defendants, the Bennett Parties apparently anticipated continued litigation against Cory. At this time, however, the Bennett Parties have determined the "utility of the lawsuit has come to end." (Mot. to

Dismiss Hr'g Tr. 6, DN 7). They would prefer to end the litigation with the option to renew in the future.

While attorneys' fees may be awarded when a case is dismissed without prejudice, "[t]he purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused." *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) (citations omitted). Cory submits the Bankruptcy Court erred when it not only dismissed without prejudice and non-conditionally, but did so even before ordering an accounting of attorneys' fees. Both decisions are reviewed under the same appellate standard. *See Bridgeport Music, Inc.*, 583 F.3d at 953.

Rule 41 dismissals are reviewed for abuse of discretion. Generally, in reviews of dismissals under Rule 41(a), "an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Bridgeport Music, Inc.*, 583 F.3d at 953 (citation omitted). Further the conditions upon which that dismissal is based are within the sound discretion of the trial court. *Id.*

### A. Plain Legal Prejudice

Cory confuses "plain legal prejudice" as a term of art instead of the legal meaning of the term. Defendants concede that the bankruptcy court's dismissal of Cory may deprive him of possible defenses in future legal actions. They seek dismissal without prejudice so that "in the event that any of the Bennett Plaintiffs later decide to seek to reopen Cory's bankruptcy case… no argument could be made that the dismissal of this action barred the proceedings." (Appellant's Br. 9, DN 9). *Black's Law Dictionary* defines "prejudice" to be "damages or

detriment to one's legal rights or claims." *Black's Law Dictionary* (10th ed. 2014). Impairment of defenses would fall within this definition.

As used in this context, however, "plain legal prejudice" is a term of art, its meaning defined by precedent. In determining whether such prejudice would result, courts typically consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Bridgeport Music, Inc.*, 583 F.3d at 953 (internal quotation marks omitted) (citing *Grover*, 33 F.3d at 718). At the hearing on the motion to dismiss, Appellees explained their view of how each of these factors permitted the dismissal of the claims without prejudice. (Mot. to Dismiss Hr'g Tr. 8-10, DN 7). Specifically, they asserted neither the prospect of future litigation nor tactical advantage constituted "plain legal prejudice" within that term's meaning. *Id.*

In arguing to affirm the bankruptcy court, the Bennett Parties addressed each of the factors considered in determining plain legal prejudice. Appellees argued all Rule 41(a) factors favored them with respect to the dismissal without prejudice: (i) little time or expense had been expended in preparation for trial, as the majority of time in the case had been spent on settlement and the appeal of that settlement; (ii) they timely prosecuted the action; (iii) they offered adequate reason for their request; and (iv) Cory had filed no motion for summary judgment at the time of their dismissal motion. (Mot. to Dismiss Hr'g Tr. 9-10, DN 7). Appellees made these arguments in both the hearing and in their briefs leading to the dismissal. Cory contested none of these reasons in his objections to the agreed motion for voluntary dismissal or in his appellate brief.

The Bankruptcy Court granted the dismissal without prejudice based on "the arguments and representation of counsel" among other considerations.[6] (Order Dismissing Claims, R. 125-26, DN 6). The Bankruptcy Court indicated it would consider the cases cited during the hearing. (Mot. to Dismiss Hr'g Tr. 30-31, DN 7). These comments, along with brief explanation in the order dismissing the case, indicate the reasons for its decision. As Cory has not questioned the sufficiency of this explanation, this Court has no reason to do so.

Cory's arguments against dismissal are based entirely on his misunderstanding of the term "plain legal prejudice" and his contention that attorneys' fees are warranted. This Court has reviewed the discretion exercised by the Bankruptcy Court in dismissing without prejudice and found it well within the bounds of permissible discretion. Accordingly, this serves as no basis to overturn the Bankruptcy Court's ruling.

B.  **Attorneys' Fees**

"A Rule 41(a)(2) dismissal may be conditioned on whatever terms the [lower] court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc.*, 583 F.3d at 954 (citations omitted). Attorneys' fees are sometimes awarded in such dismissals, but courts need not "require payment of defense costs before allowing a plaintiff to dismiss under Rule 41(a)(2)." *Id.* The dismissal order did not address attorneys' fees. (Dismissal Order, R. at 125-26, DN 6). Upon a motion for attorneys' fees, the bankruptcy court would be required to explain its reasoning in denying the motion. *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992). Here, however, no

---

[6] The Bankruptcy Court could only have meant the Bennett Plaintiffs' counsel's argument by this statement. At that point in the litigation, only the Bennett Plaintiffs and Trustee's Counsel presented arguments to the Court. The Trustee Counsel's only additional argument for dismissal was the futility of proceeding given the limited number of remaining assets. (Mot. to Dismiss Hr'g Tr. 16, DN 7). Cory represented himself.

motion was made. In fact, Cory's written objections to the voluntary dismissal make no mention of attorneys' fees. (*See* Objections to Mot. for Voluntary Dismissal, KYWB No. 10-01055-jal, DN 77, 78). Thus, the Bankruptcy Court was not required to specifically address the issue.

Cory made an indirect request for attorneys' fees at the hearing on the dismissal motion. Cory argued that *Cauley v. Wilson* allows "that the attorney's fees that have been expended would be able to be returned to me." (Mot. to Dismiss Hr'g Tr. 24, DN 7). While the liberal construction often afforded *pro se* litigants would have allowed the Bankruptcy Court to construe this as a motion for attorneys' fees, the Court did not do so. Given the many arguments Cory presented, it is unsurprising the isolated mention of attorneys' fees would not have been singled out to be construed as an oral motion. Had Cory specifically argued for attorneys' fees, the Bankruptcy Court would have been obligated to more specifically address those arguments. *See DWG Corp.*, 962 F.2d at 1202. He did not, and the Court was not obligated to do so.

The basis for Cory's appeal on this issue, however, is premised largely on *Cauley* and the Bankruptcy Court's "denial" of attorneys' fees. *Cauley* does not offer the support Cory suggests. First and most obviously, the defendant in *Cauley* specifically moved for attorneys' fees. *Cauley*, 754 F.2d at 771. Here, no motion and only an indirect request was made. Second, the accounting the Seventh Circuit required in that case was only to justify the amount of attorneys' fees after their award had been ruled appropriate. Here, the Bankruptcy Court determined that no award was appropriate. Certainly the time and expense necessary for a detailed attorneys' fee calculation would be an unnecessary burden to impose on the parties before it was determined that such an award was appropriate.

As outlined above, the Bankruptcy Court exercised permissible discretion in setting conditions on the Rule 41(a) dismissal. In exercising its discretion, it chose not to award

attorneys' fees. Had Cory formally moved for attorneys' fees, the Bankruptcy Court might have been obligated to explain its denial. Because he did not make such a motion, the Bankruptcy Court was under no obligation to do so.

### C. Motion to Proceed *in forma pauperis*

Defendants object to Cory's application to proceed as a pauper. In support, Cory asserts the ongoing status of his appeal of the underlying settlement agreement. After the parties filed their briefs on this motion, the Court notes, the U.S. Supreme Court denied *certiorari* on Cory's appeal of the settlement agreement. *See Cory*, 135 S. Ct. 1177. Thus, after affirmance in both this Court and Sixth Circuit, Cory has exhausted all appeals of the bankruptcy court's approval of the settlement agreement. To the extent Cory asserts this argument as suggesting his appeal is not frivolous, the argument has already been decided.

Nonetheless, this serves as no basis to deny the motion to proceed *in forma pauperis*. Cory has submitted an affidavit attesting his indigence, and the Court has no reason to doubt the veracity of that attestation. Further, while Cory's appeal is what might be termed a longshot, it is not frivolous.

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows a lawsuit to proceed without prepayment of fees where the indigence of the plaintiff is shown. The same statute, however, requires "district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief." *Earley v. Keenan*, 86 F. App'x 959, 959 (6th Cir. 2004); *see also* 28 U.S.C. § 1915(a) , (e). "[A]n appeal on a matter of law is frivolous where [none] of the legal points [are] arguable on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (second & third alterations in original) (citation omitted) (internal quotation marks omitted). As

demonstrated in the analysis above, Cory's appeal was a longshot. His citations and arguments were logical, if not particularly persuasive. "When a[n] [appeal] raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff . . . dismissal on the basis of frivolousness is not [appropriate]." *Id. at* 328. Accordingly, the motion to proceed in forma pauperis is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Appellant's motion to proceed *in forma pauperis* is **GRANTED**, and the decision of the Bankruptcy Court dismissing the claims asserted against Cory without prejudice is **AFFIRMED.**

**Greg N. Stivers, Judge**
**United States District Court**
August 31, 2015

cc: counsel
     Roger Cory, *pro se*

9